12179

TUMBLIN v. SOVEREIGN CAMP W. O. W.

(137 S. E., 341)

1. INSURANCE—LETTERS RELATING TO BENEFIT CERTIFICATES OTHER THAN THOSE SUED ON HELD PROPERLY EXCLUDED.—In action on benefit certificates, letters relating to certificates other than those sued on *held* properly excluded.

2. INSURANCE—VERDICT HELD PROPERLY DIRECTED FOR DEFENDANT IN ACTION ON BENEFIT CERTIFICATES NOT DELIVERED BEFORE DEATH OF

APPLICANT.—In action on benefit certificates, one of which had been received by clerk of subordinate lodge, but not delivered before death of applicant, the other of which was not received by clerk until later, verdict *held* properly directed for defendant, in view of terms of application and by-laws of order.

Before SHIPP, J., Laurens, November, 1925.   Affirmed.

Action by W. D. Tumblin and another against the Sovereign Camp of the Woodmen of the World.   Judgment for defendant, and plaintiffs appeal.   Affirmed.

*Messrs Huff & Huff,* for appellants, cite: *Letters material in reply to admitted evidence:* 2 McCord, 161; Greenleaf on Ev., Admission, Par. 169.   *Estoppel for jury:* 124 S. C., 173.   *Knowledge of collection methods:* 14 A. L. R., 903; 124 S. C., 387; 102 S. C., 386; 119 S. C., 402. *"Equitable estoppel":* 14 A. L. R., 904; 127 S. E., 836. *"Equity":* 56 Ga., 339; 58 S. C., 201; 105 S. E., 698; 8 Am. Rep., 705; 116 S. E., 266.   *Unreasonable delay:* 222 Okla., 255.   *"Estoppel":* 32 C. J., 1106 Par. 195.   *"Constructive delivery":* 32 C. J., 1126, Par. 228.   *"Waiver":* 32 C. J., 1135, Par. 242; 68 S. W., 695.   *Payment of premium fact for jury:* 32 C. J., 115 Par. 869.   *"Contract":* 8 Am. Rep., 705.

*Mr. A. C. Todd,* for respondent, cites: *"Contract":* 49 So., 883.   *"Delivery":* 109 Pac., 81.   *Certificate delivered after death void:* 65 S. W., 36.   *Conditions met before liability begins:* 73 N. E., 1056; 75 Pac., 937; 104 Pac., 354; 48 Atl., 387; 162 S. W., 799; 35 S. E., 246; 179 S. W., 749; 156 S. W., 472; 93 N. W., 1122; 155 S. W., 39; 42 Atl., 962; 97 N. W., 91; 150 S. W., 118.   *Delivery in good health:* 73 N. E., 842; 155 S. W., 1135; 79 S. W., 219; 59 N. E., 668; 52 S. W., 438; 67 S. W., 331.   *Actual delivery:* 114 N. W., 543.   *Delay by subordinate lodge:* 50 Pac., 165.   *Delay no presumption of acceptance:* 64 S. C., 36; 14 R. C. L., 896; 10 Am. Rep., 154; 52 L. R. A., 444; 36 L. R. A. (N. S.), 1211; 9 Ann. Cas., 223; 21 Ann. Cas., 797.   *Delivery to member:* 142 S. W., 641; 76 Mo. App.,

573; 106 Pac., 328; 144 N. W., 843; 141 N. W., 843; 64 S. W., 36; 94 So., 910. *Death before delivery withdraws proposition:* 51 Fed., 689; Ann. Cas., 1916-B, 674.

March 17, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

Some time during October, 1918, Thad R. Tumblin aplied for membership in Camp No. 237, Woodmen of the World, located at Gray Court, S. C.; this camp being a subordinate lodge of the defendant in this action. At the same time he made two applications to the defendant for the issuance to him of two certificates of insurance in the sum of $1,000 each. The applications were received at the office of the defendant at Omaha, Neb., on November 5th, and it appears that thereafter, on November 8th, one of these certificates was issued and mailed to the clerk of the local camp at Gray Court for delivery to the applicant, but that, upon the arrival of this certificate, on November 11th, the local clerk did not deliver same, for the reason that the applicant was in a dying condition—in fact, he died that night. The other certificate arrived after the death of the applicant.

On or about the 10th day of January, 1924, suit was instituted by the beneficiaries named in the certificates, who are the plaintiffs in this case. Upon the trial of the case, after all the testimony was in, on motion, a verdict was directed for the defendant.

The plaintiffs now appeal to this Court, stating two grounds of error: (1) Error on the part of the Circuit Judge in refusing to admit in evidence two letters written one of the plaintiffs by the defendant; and (2) error on the part of the Circuit Judge in directing a verdict for the defendant.

As to the first ground of imputed error: It appears that two letters, written by the defendant to the plaintiff, W. D. Tumblin, were offered by him in evidence.

These letters were in reply to letters written the defendant by Tumblin, with respect to the date of the month of an application made by him to the defendant for a certificate of insurance during October, 1918, and also as to the date of the issuance of the certificate itself. As neither of the letters related to the certificates of insurance involved in this action, they were properly excluded.

As to the second ground of imputed error. Among other things, as alleged by the defendant, the applications of Thad R. Tumblin for the certificates of insurance contained the following:

" I hereby consent and agree that this application consisting of two pages, to each of which I have attached my signature, the examining physician's report, and all the provisions of the constitution and laws of the society now in force, or that may hereafter be adopted, shall constitute the basis for, and from a part of, any beneficiary certificate that may be issued to me by the Sovereign Camp of the Woodmen of the World whether printed or referred to herein or not. * * * I agree to pay all assessments and dues for which I may become liable while a member of the society, as required by its constitution and laws now in force, or which may hereafter be adopted, and at the time and in such manner and amount as may be provided by said laws, and that the liability of the Sovereign Camp for the payment of benefits shall not begin until after this application shall have been accepted by a Sovereign Physician, a beneficiary certificate issued thereon and personally delivered to me, as provided in the constitution and laws of the society by an authorized person while I am in good health, until I have been obligated in due form and all the requirements of Section 58 of the Constitution and laws of the said society have been complied with."

The certificate of insurance contained the following conditions and stipulations:

" The consideration of this certificate is the application

on which the Sovereign Physician based his acceptance and approval of the application of the person within named for membership, and it is issued in consideration of the warranties and agreements made by said person in his application to become a member as accepted and approved by the Sovereign Physician, and in consideration of the payment made when introduced in prescribed form, also his agreement to make all payments at such time, in such manner and in such amount as is required by the constitution and laws of this society now in force or which hereafter may be adopted. * * * If the entrance fees, dues and all other payments required by this contract are not paid by the person named in this certificate to the clerk of this camp as required by the constitution and laws of this society which are now in force or which hereafter may be adopted, this certificate shall be null and void. * * * There shall be no liability on the society under this certificate until the member named herein shall have paid all entrance fees and all sums required by the constitution and laws of the society, signed his beneficiary certificate and the acceptance slip attached thereto, paid the physician's fee for exemption, been obligated or introduced by a camp or authorized deputy in due form, and had manually delivered into his hands, in person, this beneficiary certificate while in good health. The foregoing provisions are hereby made a part of the consideration for, and are conditions precedent to, the payment of benefits under this certificate."

Among the provisions of the constitution and by-laws of the order we find the following:

"No clerk shall accept any payments except entrance fees from an applicant until said applicant's beneficiary certificate has been received by said clerk from the Sovereign Clerk, and properly countersigned by the camp officers, and not unless the applicant is in good health at the time."

It is contended by the appellants that, at the time the applications of Thad R. Tumblin were solicited and taken by

the clerk of the local camp, such clerk collected from the applicant the sum of $4.19, $1 as the certificate fee, and $3.19 as payment of the first monthly dues or assessments on the two certificates of insurance; and that, upon the failure of the clerk to return the $3.19 to the proper parties, after the failure to deliver the certificates of insurance to the applicant on account of his illness or death, the defendant thereby waived all the conditions of the contract of insurance which had not been complied with by the applicant, and the fulfillment of which was made precedent to the liability of the defendant under the certificates of insurance, and was thereby estopped from denying that there was a completion of the contract and a constructive delivery of the certificates.

Under the facts of this particular case, it does not appear that the contract of insurance was ever completed; that there was any delivery of the certificate of insurance; either actual or constructive; or that the applicant ever became a member of the defendant society. Nor is there anything in the record that tends to show waiver on the part of the supreme lodge.

It is true that the clerk of the local camp was the agent of the Sovereign Camp for the collection of the dues or assessments due and owing it by the members of the local camp, but it does not appear from the provisions and terms of the application and of the certificate of insurance, or from the provisions of the constitution and by-laws of the order, that either the clerk, who was the soliciting agent, or any member of the lodge or any subordinate lodge itself, had any power or authority to waive any of the conditions precedent to the completion of the contract of insurance between the applicant and the Sovereign Camp, all of which provisions, agreements, and conditions were embodied in the application, the certificate of insurance, and the constitution, laws and by-laws of the defendant.

If the clerk of the local camp collected any dues or as-

sessments on the insurance in advance from the applicant, as is contended by the appellants, it must be presumed to have been by arrangement between the applicant and the clerk alone, as the provision of the contract, signed and agreed to by the applicant, did not allow the clerk to make such collection on behalf of the defendant until after or upon the delivery of the certificates to the applicant while he was in good health.

The only collection from the applicant that the clerk was authorized to make on behalf of the defendant at the time that the applications were taken was the $1 certificate fee, which he did collect and remit to the defendant, but which afterwards, as was admitted, was tendered to one of the beneficiaries named in the certificates of insurance and was refused.

As it appears, therefore, that there was no completion of the contract of insurance, pursuant to its provisions and conditions, and as there is nothing in the record which indicates waiver of these conditions on the part of the defendant, there was no issue to submit to the jury and the trial Judge properly directed a verdict for the defendant.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN and BLEASE, and MR. ACTING ASSOCIATE JUSTICE PURDY, concur.